United States District Court
Southern District of Texas

**ENTERED**

June 03, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GIORGI USHARAULI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-288 |
| | § | |
| MARKWAYNE MULLIN[1], *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Giorgi Usharauli is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). He bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments. In light of that decision, the Court ordered Petitioner to file a Statement in support of his claims. (Order, Doc. 3) Petitioner timely complied with the order. (*See* Statement, Doc. 5)

Respondents then filed a response to the Petition and move for summary judgment as to each of Petitioner's claims. (MSJ, Doc. 7) Petitioner filed no response to the summary judgment motion.

Based on the record and the applicable law, the Court concludes that Respondents have demonstrated that the challenged claims fail as a matter of law, and that Petitioner presents no viable claim in habeas.

---

[1] Petitioner sought relief against Pamela Bondi and Kristi Noem in their official capacities as Attorney General and Secretary of the Department of Homeland Security, respectively. Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche and Markwayne Mullin are substituted as the proper Respondents, respectively.

1 / 4

### I.    Due Process Claim

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite or prolonged civil detention without an individualized determination for individuals such as himself, and that Respondents violate this principle by detaining him under Section 1225(b)(2)(A) without an opportunity to seek bond. (Pet., Doc. 1, ¶¶ 53–60, 75–80)   Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).   These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[2]   Petitioner seeks to distinguish those cases, (*see* Statement, Doc. 5), but the Court finds the proposed distinctions unpersuasive.   For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner also alleges an as-applied challenge, emphasizing his particular circumstances, including his length of residence within the United States and his prior release from immigration detention under Section 1226(a).   But he presents no authority to support his claim that these

---

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–*see, e.g.*, *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

circumstances present a viable as-applied due process challenge.  In addition, Section 1225(b)(2)(a) authorizes his continued detention, as *Buenrostro* recognized.

Petitioner additionally alleges that his detention under Section 1225 "violates 8 C.F.R. §§ 236.1 and 1003.19[.]" (Pet., Doc. 1, ¶ 68)  "It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025).  But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025).  The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which would also defeat this regulatory challenge, including any claim brought under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

## II.    APA Claim

Petitioner next alleges that having initially detained him under Section 1226, and through which he obtained release, Respondents cannot reclassify and detain him under Section 1225(b)(2)(A) without notice or other procedural protections, including a bond hearing.  (Pet., Doc. 1, ¶¶ 69–74)  Petitioner brings this challenge under the Administrative Procedure Act.

As *Buenrostro* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes.[3] *Buenrostro-Mendez*, 166 F.4th at 503. The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.* at 507.  Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising its authority under Section 1225, which, under

---

[3] Respondents contend that "[a]ny past interpretation of [Section 1226] permitting release of applicants for admission, like Petitioner, on an order of recognizance under § 1226 was an erroneous interpretation of the statute and no longer applies post-*Buenrostro*." (MSJ, Doc. 7, 5)  This Court does not construe *Buenrostro* as negating past Administration's application of Section 1226, but as determining that the past application of Section 1225 "does not preclude § 1225 from *also applying* to such aliens." *Buenrostro*, 166 F.4th at 505 (emphasis added).

*Buenrostro*, has applied to Petitioner since he entered the country without being admitted or paroled.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to him. But no statutory or regulatory provision, and no constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision. Here, Petitioner does not assert that he could make such a showing or that he was prevented from attempting to do so.

**III.    Conclusion**

For these reasons, the Court finds that Petitioner does not present a viable claim for relief. As a result, it is:

**ORDERED** that Respondents' Motion for Summary Judgment (Doc. 7) is **GRANTED** to the extent indicated in this Order; and

**ORDERED** that Petitioner Giorgi Usharauli's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is direct to close this case.

Signed on June 3, 2026.

Fernando Rodriguez, Jr.
United States District Judge